UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN E. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendants. | No. 2:16-cv-0920 MCE GGH PS<br><br>ORDER |

## *PROCEDURAL BACKGROUND*

Plaintiff sues in pro se for alleged violations of her state and federal rights based upon her termination from her employment. ECF No. 1. This proceeding was referred to this court under Local Rule 302(21) and 28 U.S.C. section 636(b)(1). Plaintiff was granted the right to proceed with this action in forma pauperis by an Order entered on July 7, 2016. ECF No. 3

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Defendant County of Sacramento Department of Health and Human Services ["the Department"] and two individual defendants filed a Motion to Dismiss the Complaint on

November 17, 2016, ECF No. 5, and this court took the motion under submission on January 17, 2017. ECF No. 18. This Order will address that Motion and the sufficiency of the Complaint.

*FACTUAL BACKGROUND*

Plaintiff was an employee of the Department from January 18, 2005 to October 9, 2013. ECF No. 1 at 2 ¶1. She was approved for a Family and Medical Leave Act leave on March 8, 2013 scheduled to run through June 9, 2013 for the purpose of addressing her mother's need for care. Id. at 4 ¶13. The complaint indicates that plaintiff explained to the DHHS that the leave was necessitated by the fact that the cost of her mother's continuing care in an assisted living facility was about to be raised and plaintiff needed to acquire funds to permit her to move her mother to another facility. Id. On April 22, 2013 DHHS notified plaintiff that her leave was terminated and she was placed on paid administrative leave while the Department investigated the suspected improper use of FMLA benefits and of a Department issued cell phone. Id. at 4 ¶14.

Plaintiff alleges that she was not informed that her leave was being terminated and she should return to work because the action was taken in retaliation for her previous complaints of racial discrimination and harassment. Id. at ¶¶ 4-5. Plaintiff also alleges age discrimination. Finally, plaintiff sues for damages under a generalized series of allegations of Fourteenth Amendment and federal statutory violations and supplemental claims for violation of state statutory and common law violations all arising from the Department's purported discriminatory acts either direct or through named employees. Her complaint raises 14 claims:[1] (1) Wrongful termination (Breach of contract); (2) Racial Discrimination;[2] (3) Age Discrimination[3] (4) Intentional Infliction of Emotional Distress; (5) HIPPA Violation; (6) Failure to train; (7) Violation of FMLA; (8) Negligent Supervision; (9) Retaliation; (10) Blacklisting; (11) Due Process (Failure to give notice); (12) Disability violation – Failure to Provide Accommodation; (13) Defamation; and (14) Negligent Infliction of Emotional Distress.

---

[1] There are 15 listed claims in the Complaint but Intentional Infliction of Emotional Distress is alleged twice.
[2] Plaintiff identifies herself as a black female. ECF No. 1, ¶20.
[3] Plaintiff states her age to be "over 40 years.: Id.

2

*A.     Jurisdiction*

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 and 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2, 5, Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678,k 682 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 428, 537-538 (1974).

Broadly read, one can discern that the plaintiff has stated facts that might raise litigable rights under Title VII, 42 U.S.C. section 2000e, rights under the Fourteenth Amendment (equal protection, due process) and the Family Medical Leave Act (FMLA). She has not, however, pleaded in the manner required to clearly state claims under any theory.

Even under the less stringent examination afforded pro se pleadings, simple reference to federal law does not create subject-matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). Subject-matter jurisdiction is created only by pleading a cause of action within the court's original jurisdiction. Id. Here plaintiff has filed an eighteen page Complaint which contains a general recitation of facts which are then incorporated into each of specific legal claims without differentiation in most cases. Further, individual defendants are not identified in the caption but are found at the terminal pages of the filing. There are no specific allegations with regard to actions taken by the individual defendants. Moreover, the federal statutes and Fourteenth Amendment permit the naming of only certain defendants and preclude the naming of others. The consolidation of every defendant into every claim is not proper. This format gives the defendants insufficient information to determine with which claims each of them are charged and the factual basis for those charges against them. Finally, as noted in defendants' motion, various statute of limitations exist for the various statutes/Fourteenth Amendment.

For these and the following reasons, plaintiff's complaint will be dismissed with leave to amend in conformity to this Order.

B.  *The Motion to Dismiss*[4]

In summary, defendant Department moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cognizable claim on the following grounds: (1) Failure to allege compliance with the California Tort Claims Act, ECF No. 9 at 5:14; (2) State claims are barred by sovereign immunity re both Department and individual defendants, id. at 6:23; (3) State entity and officials cannot be found liable for wrongful termination, id at 7:19; (4) Disparate Impact/Treatment allegations fail to state a claim, id. at 8:13; (5) There is no private right of action for HIPPA violations, id. at 8:25; (6) Claim for violation of FMLA both fails to state a claim and is barred by the applicable statute of limitations, id. at 10:5; (7) Blacklisting allegations fail to state a claim, id. at 12:16; (8) Fourteenth Amendment allegations fail to state a claim, id. at 13:20; (9) Disability non-accommodation allegations fail to state a claim, id. at 14:17; (10) 42 U.S.C. section 1983 allegations fail to state a claim and is barred by the statute of limitations, id. at 15:3; (11) Defamation allegations fail to state a claim, id. at 15:23; (12) Punitive damage claim against the Department has no basis in law, id. at 16:24.

The court intends to dismiss the Complaint with leave to amend. Plaintiff is entitled to amend her complaint, at least once, to determine whether she can in fact state a claim, e.g., honestly allege compliance with the California Tort Claims Act exhaustion requirement, and curing other defects noted by defendants, and this Order. If Plaintiff cannot allege facts, forthrightly and candidly, which demonstrate compliance with undoubted statutory or case law requirements, she should not take the time of everyone making a faulty claim which will simply be dismissed out of hand.

The remainder of this Order will discuss the ordinary pleading requirements and basic law concerning pleading of the federal claims.

////

---

[4] The court notes that defendants' Motion to Dismiss fails to adhere to the requirement of Eastern District of California Local Rule 133(k) insofar as it does not include tables of contents and authorities. Defendant is advised that it must comply with this Rule in future filings and, as a courtesy, should consider appending tables even to shorter filings when those filings are as replete with citations as is the current one.

C.    *Pleading Requirements*

Federal Rule of Civil Procedure 8 requires that the Complaint present a short and plain statement which includes "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) Here, as defendants argue, the complaint does not contain sufficient allegations either to state claims or, even if they do, to put defendants fairly on notice of which of them either are charged with having engaged.

Further, plaintiff's Complaint fails to articulate how each defendants' specific actions violate her civil rights, *i.e.,* what right was violated and what specific actions resulted in the violation claimed in each cause of action pleaded. She does not articulate the nature of the injury suffered, i.e., personal injury, unlawful search or seizure, etc. See Conley v. Gibson, 355 U.S. 41, 47 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (vague and scanty allegations fail to satisfy the notice requirement of Rule 8). Neither does she allege *who* violated her rights naming only the County of Sacramento Department of Health and Human Services in the caption to the Complaint as defendant although on page 19 of the Complaint she does list Marina Chambers, identified as a Human Services Supervisor, and Stephen Wallach, identified as Human Services Program, as defendants. As stated here, however, no actions are attributed to either of these individuals.

Instead of meeting the foregoing pleading requirements, plaintiff provides eight pages of narrative facts that are in most cases not identified by time or attached to any substantive complaint. The succeeding eleven pages, which identify the individual claims for relief, incorporate all of the foregoing facts into *every* claim whether they are operative in terms of proving the claim or not. Examples of this deficiency are found in all claims, but two of the most egregious examples are: (1) In the First Cause of Action plaintiff purports to claim Wrongful Termination/Breach of Contract. ECF No. 1 at 8. She does not, however, state the terms of the alleged "oral and implied" contract she asserts and which of those terms were impermissibly

5

breached and how; (2) In the Fourth Cause of Action for "Disparate Impact/Disparate Treatment," plaintiff states no facts and no legal theory merely labeling the cause and prays for relief "as hereinafter provided." Id. at 9.

The format plaintiff has used has often been characterized as a "shotgun" pleading as asserted by defendants. This type of complaint has been described by this court as follows:

> Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations. They are unacceptable. Federal pleading standards require that plaintiffs give the defendants a clear statement about what the defendants allegedly did wrong. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.2008) ("Under Rule 8(a), the plaintiff must give the defendant fair notice of what the claim is and the grounds upon which it rests." (internal quotation marks omitted)). One common type of shotgun pleading is where the plaintiff recites a collection of general allegations toward the beginning of the complaint, and then each count incorporates every antecedent allegation by reference. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir.2001). "The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." Id.

Harrell v. Hornbrook Community Services District, 2015 WL 5329779 (E.D.Cal. Sept. 9, 2015).

If plaintiff chooses to avail herself of the opportunity to amend her complaint, she must conform to the requirements of the Federal Rules of Civil Procedure and the Eastern District of California Local Rules. Copies of the former are available on many web sites or in the court's library and the latter can be obtained at the court Clerk's Office at 501 "I" Street, Fourth Floor, Sacramento, CA, or on the Court's website at www.caed.uscourts.gov. See also Tran v. Keuhi, 2017 WL 465683 (D.Or. 2017); Golden v. Wilson, 2017 WL 495776 (E.D. 2017)(comprehensive analyses of Rule 8 requirements.

////

////

D. *SUBSTANTIVE CHALLENGES*

   *1. State Claims*

Defendant has raised the issue of the California Tort Claims Act which, except under very narrow circumstances, precludes asserting state claims against the State, a State agency or other public entity, and any employees of one of those entities without having first made a claim directly to the Agency. Cal.Govt.Code § 945.4. Plaintiff is encouraged to review this requirement, and the narrow exceptions to it before amending her complaint to determine if she has a way to avoid the bar. Defendants' Motion to dismiss identifies several judicial decisions that will assist plaintiff in understanding this area of the law. If, after review, plaintiff decides she cannot avoid the bar she should seriously consider abandoning those claims.

Besides cases identified in defendants' Memorandum of Points and Authorities, there are several additional cases that make clear the hurdle plaintiff must leap to file an Amended Complaint that contains efforts to proceed pursuant to state law and precedent. See Jones v. R.R. Donneley & Sons Co., 541 U.S. 369 (2004); Bradford v. Clackamas County, 584 Fed.Appx 627 (9th Cir. 2014);; Sparks v. Kern County Bd. of Supervisors, 173 Cal.App.4th 704 (2009); State Superior Court (Bodde), 32 Cal.4th 1345 (2004); Loehr v. Ventura County Community College Dist., 147 Cal.App.3d 1071 (1983).

   *2. Title VIII and Other Discrimination Claims*

Plaintiff may not simply sue all defendants; only the entity which employed plaintiff may be sued. Miller v. Maxwell's International Inc., 991 F.2d 583, 587 (9th Cir. 1993); Romain v. Shear, 799 F.2d 1416, 1417 (9th Cir. 1986). In addition, plaintiff may not simply conclude that these statutes were violated, but must plead facts *within the claim* which plausibly set forth a violation of each discrimination statute. The Ninth Circuit has addressed the requirements to plead a retaliation theory in Manatt v. Bank of America, NA, 339 F.3d 792, 800 (9th Cir. 2003), where it held that:

> To make out a prima facie case of retaliation under Title VII, Manatt must establish that:
> (1) she engaged in a protected activity, such as the filing of a complaint alleging racial
> discrimination,8 (2) the Bank subjected her to an adverse employment action,9 and (3) "a

causal link exists between the protected activity and the adverse action." Ray, 217 F.3d at 1240. If Manatt has asserted the prima facie retaliation claim, the burden shifts to Bank of America to articulate a legitimate, non-discriminatory reason for the adverse employment action. Id. "If [Bank of America] articulates such a reason, [Manatt] bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive." Id.

The court further noted that the same legal principles are applicable to an action brought under 42 U.S.C. section 1981. Id. at 797; see also Lucky v Visalia Unified School District, 2014 WL 793699 (E.D.Cal. 2014). Meeting this factual burden results in the pleading of a prima facie case. See Wallis v. Simplot Co., 26 F.3d885, 889 (9th Cir. 1994).

Plaintiff must also plead that she has complied with all exhaustion predicates for each claim. Plaintiff should review the various limitations periods applicable for each claim before realleging the claim. If plaintiff has not timely brought the claim, it may be dismissed on motion by the defendant entity.

### 3. *FMLA*

For this claim, both the employer entity and individuals pertinent to the claim may be sued. Andereatto v. El Dorado Resorts Corp., __F. Supp. 2nd __, 2016 WL 5867413 (D. Nev. 2016); Sutton v. Derosia, 2012 WL 4863778 (E.D. Cal. 2012). Plaintiff shall take note of the pleading requirements in the Motion to Dismiss and allege accordingly. As observed by defendants, this claim may ultimately be dismissed on statute of limitations grounds if a willful violation is not alleged.

### 4. *HIPPA*

For this federal claim, no private right of action exists. Webb v. Smart Documents Sols, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007). That is, the statute does not provide a remedy in court for those persons who believe their HIPPA rights have been violated. Plaintiff shall not replead this claim.

### 5. *Fourteenth Amendment*

Plaintiff may plead a Fourteenth Amendment claim related to her termination of

employment.  She may make these claims against all defendants.  However, if this is a "due process" claim., i.e., plaintiff must allege that she did not receive required process when being terminated.  If pled as an "equal protection claim, plaintiff must allege that her termination from employment was occasioned by discrimination.  If plaintiff is suing the County, she must allege (and later prove) that the County was acting pursuant to a final policy which had the effect of discriminating against persons such as plaintiff.  Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

      *6.   Claim for Disparate Treatment and Disparate Impact; Disability and Retaliation*

The above stated claim simply contains theories under which discrimination claims proceed.  Plaintiff should not replead this claim as a separate claim apart from her discrimination claims.

*CONCLUSION*

The foregoing cases are merely exemplary, not exhaustive, in discussing the issues that are involved in developing a viable complaint in this matter, if that can be done.  They may, however, lead plaintiff to additional cases that will assist her in deciding whether to go forward.

Again, plaintiff is encouraged to review the cases cited by defendants as well as engaging in her own research before she endeavors to amend her Complaint.  As it now stands, although she adverts to several potential sources of relief she does not state a claim adequately as to any of them insofar as the theories are not tethered to facts that explicitly support them as Rule 8 requires. The court expresses no opinion whether either claim is available to plaintiff given the unfocused nature of her Complaint.

In light of the foregoing, IT IS ORDERED as follows:

1.     Defendants' Motion to Dismiss is GRANTED, but with leave to amend;

2.     Plaintiff's Complaint is DISMISSED with leave to amend;

3.     Plaintiff may amend her Complaint within 30 days of the service of this Motion.  Any amendment must be so labeled in the caption and plaintiff is warned that the Amended Complaint must be complete in itself; although documents critical to, and explanatory of, allegations in the complaint may be attached and referenced within a claim, plaintiff shall not

attempt to attach mere evidentiary exhibits to the amended complaint.

    4. Plaintiff is notified that failure to comply with this order may result in a recommendation that her complaint be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: April 13, 2017

                                        <u>/s/ Gregory G. Hollows</u>
                              UNITED STATES MAGISTRATE JUDGE