UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN E. JACKSON,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>COUNTY OF SACRAMENTO DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-00920-MCE-DB<br><br><br><br>**ORDER** |

Presently before the Court is Plaintiff Robin E. Jackson's ("Plaintiff") Motion to Reconsider, ECF No. 66, this Court's decision dismissing various of her claims, ECF No. 36. A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (citing 18 Charles Aland Wright & Arthur R. Miller, Federal Practice and Procedure § 4478). Nonetheless, a court order resolving fewer than all of the claims among all of the parties "may be revised at any time before the entry of judgment adjudicating all the claims and the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Where

1

1 | reconsideration of a non-final order is sought, the court has "inherent jurisdiction to
2 | modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir.
3 | 2000), cert. denied, 532 U.S. 1002 (2001). The major grounds that justify
4 | reconsideration involve an intervening change of controlling law, the availability of new
5 | evidence, or the need to correct a clear error or prevent manifest injustice. Pyramid,
6 | 882 F.2d at 369 n.5.

Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief through reconsideration. See, e.g., Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

A district court may properly deny a motion for reconsideration that simply reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995). Finally, reconsideration requests are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

Plaintiff's motion is DENIED because she does not point the Court to any basis for revisiting its prior decision. Although Plaintiff now contends that she should have been given the opportunity to appear in Court to personally put her arguments on the record, that argument is not based on an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Pyramid, 882 F.2d at 369 n.5. Further, contrary to the plaintiff's assertion that she did not "have her day in court", the fact that she has filed this motion is clear evidence of her "day in court."

IT IS SO ORDERED.

Dated: April 26, 2019

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE